**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4860-15T1

M&S WASTE SERVICES, INC.,

    Plaintiff-Appellant,

v.

PRAETORIAN INSURANCE CO.,

    Defendant-Respondent,

and

RICHARD LECOMTE and
STATE OF NEW JERSEY DIVISION
OF WORKERS COMPENSATION,

    Defendants.

_____

Argued November 13, 2017 – Decided August 24, 2018

Before Judges Messano and Accurso.

On appeal from Superior Court of New Jersey,
Law Division, Monmouth County, Docket No.
L-1977-12.

Ralph P. Ferrara argued the cause for
appellant (Ferrara Law Group, attorneys;
Ralph P. Ferrara and Morgan J. Zucker, on
the briefs).

James P. Ricciardi, Jr. argued the cause for respondent (White Fleischner & Fino, LLP, attorneys; James P. Ricciardi, Jr., on the brief).

PER CURIAM

This matter, a dispute over cancellation of a workers' compensation policy for non-payment of premium, returns to us following our remand in 2014. See M&S Waste Servs. v. Praetorian Ins. Co., A-4246-12 (App. Div. Aug. 14, 2014) (slip op. at 9). We reversed summary judgment to defendant Praetorian Insurance Co. and remanded to determine whether its alleged prior practice of accepting late premiums and reinstating the policy after cancellation reasonably led plaintiff M&S Waste Services, Inc. to assume "to its detriment, that the policy would be reinstated" when Praetorian cashed M&S's premium check ten days after the date the policy was to be cancelled for non-payment in October 2011. Ibid.

Following some additional discovery on remand, Praetorian in 2015 again moved for summary judgment. The court dismissed M&S's bad faith claim and ruled that Praetorian complied with its statutory obligations for cancelling the policy under N.J.S.A. 34:15-81(b), thus granting the motion in part. Finding the factual dispute we found over the parties' course of dealing relating to the acceptance of late premium payments not to have

been "addressed and eliminated" by the additional discovery, however, the court denied Praetorian summary judgment in part, and the parties proceeded to a plenary hearing on that issue before another judge.

That judge took testimony over the course of two days from M&S's principal and the individual overseeing Praetorian's workers' compensation operations and permitted the parties to read into the record deposition testimony from her predecessor, no longer employed by the company. After hearing from the witnesses and considering the documents in evidence and the arguments of counsel, the judge put a comprehensive opinion on the record rejecting M&S's claims. Specifically, the judge, although not "doubt[ing] [M&S's principal's] sincerity or his bona fides at all," found "all of the prior cancellation notices were paid before the cancellation took effect, and this one wasn't."

Recapping his detailed findings, the judge stated:

> I don't view this as a situation where
> equitable estoppel applies whatsoever. The
> course of conduct was that [M&S's principal]
> always paid before the last date due, before
> the cancellation took place. This is the
> time that he didn't, and it cost him,
> dearly, because he didn't have coverage.
> Unfortunately, he didn't know about it,
> because, for whatever reason, he didn't pay
> attention to it until after the claim came
> in. He didn't pay attention to it when he

got notice of the audit, and I understand that in the context that he had previously had workers' compensation insurance with different carrier or different carriers, and knew that they do an audit to adjust the premium at the end of the year. But this wasn't the end of his . . . policy. This was in December/January. His policy goes — is supposed to go until April — the end of April. So, again, it didn't set bells off in his head that there was something amiss.

He's a reasonable person. He's a reasonable businessman, and he made a mistake in the Court's eyes that can't be justified under the circumstances. So, for those reasons I find in favor of the defendant. I don't think there's a change in the policy. I don't think it's a situation where it . . . the grace [period] applies, and even if it did, he passed it.

M&S appeals, arguing two points, one that the trial court "committed reversible errors in its findings of fact and conclusions of law which led to the erroneous dismissal of claims." We reject that argument as without sufficient merit to warrant discussion in a written opinion. See R. 2:11-3(e)(1)(E). Final determinations of the trial court in a non-jury case are subject to a limited and well-established scope of review: "'we do not disturb the factual findings and legal conclusions of the trial judge unless we are convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice[.]'" In re Trust Created By

4

Agreement Dated December 20, 1961, ex rel. Johnson, 194 N.J. 276, 284 (2008) (quoting Rova Farms Resort, Inc. v. Investors Ins. Co. of Am., 65 N.J. 474, 484 (1974)). Applying that standard provides us no basis to disturb the judge's careful findings here.

M&S's second point, that the motion judge erred in granting partial summary judgment to Praetorian based on the court's finding that Praetorian complied with the statutory requirements for cancelling the workers' compensation policy, requires discussion.

N.J.S.A. 34:15-81, the statute that governs cancellation of workers' compensation policies, provides in pertinent part that:

> No such policy shall be deemed to be canceled until:
>
> a. At least ten days' notice in writing of the election to terminate such contract is given by registered mail by the party seeking cancellation thereof to the other party thereto; and
>
> b. Until like notice shall be filed in the office of the commissioner of banking and insurance, together with a certified statement that the notice provided for by paragraph "a" of this section has been given; and
>
> c. Until ten days have elapsed after the filing required by paragraph "b" of this section has been made.

M&S does not dispute that Praetorian provided M&S with the notice required by subsection (a). The question is whether the "like notice" it provided to CRIB, the Compensation Rating and Inspection Bureau, and specifically its "certified statement that the notice provided for by paragraph 'a' of this section has been given," complied with N.J.S.A. 34:15-81(b).

The Supreme Court addressed the certified statement requirement in Sroczynski v. Milek, 197 N.J. 36, 41 (2008). There, New Jersey Manufacturers sent its insured notice of cancellation of its workers' compensation policy for non-payment of premium by certified mail and filed its "like notice" with the Commissioner of the Department of Banking and Insurance via the electronic file transfer protocol (FTP) established by CRIB. Id. at 39-40. The judge of compensation found NJM did not effectively cancel the policy because it failed to file a written "certified statement" when it transmitted the data by way of the FTP, notwithstanding NJM's reliance on the CRIB manual in filing its "like notice." Id. at 41.

We affirmed the decision on appeal, rejecting NJM's arguments that the compensation judge engaged in "a hyper-technical approach to statutory construction" and that NJM's "failure to provide the 'certified statement' represent[ed] an inconsequential deviation from the statutory requirements."

A-4860-15T1

<u>Sroczynski v. Milek</u>, 396 N.J. Super 248, 256 (App. Div. 2007). Instead, we concluded accepting those arguments "would require us to ignore a portion of the statutory scheme that the Legislature believed was important, and would in effect constitute a rewriting of the statute by this court."  <u>Ibid.</u>

The Supreme Court affirmed in a per curiam opinion for the reasons we expressed, adding that "[t]he language of N.J.S.A. 34:15-81 is clear and unambiguous, allowing for no interpretation other than that filing a certified statement with the Commissioner is a prerequisite to effectuating the cancellation of coverage."  <u>Sroczynski</u>, 197 N.J. at 43.  The Court concluded "the use of the FTP system to transmit data about policy cancellations, without any accompanying certification, cannot be effective in light of the clear and unambiguous demands of N.J.S.A. 34:15-81(b)."  <u>Ibid.</u>

The Court also emphatically rejected NJM's argument that its submission without the certified statement substantially complied with the statute, writing:

> [T]his is not a case that satisfies the policies that inform the substantial compliance doctrine.  Here, the Legislature did not simply require notice to the Commissioner but also commanded that the insurer provide a certification by an employee attesting to the truthfulness of the fact that proper notice was afforded the insured.  Although the legislative history

A-4860-15T1

of the Act is sparse, it seems obvious that the purpose of that provision was to place personal responsibility on an employee of the insurer to assure that proper notice of cancellation was given and to require that employee to certify to that fact, recognizing the legal implications of a false certification. The electronic provision of information to the Commissioner, without a certification, completely defeats the notion of personal responsibility that the certification provision was intended to secure. It was, thus, not simply a technical misstep. As such, the insurer could derive no comfort from a substantial compliance analysis which is meant to ameliorate the harsh consequences of actions that meet the spirit of a law but technically fall short.

[Id. at 44.]

The record on summary judgment on remand established that Praetorian used an outside vendor, Madison Consulting Group, to, in the words of its former head of workers' compensation operations, "transmit [Praetorian's] statistical code quoting data to the respective workers comp bureaus, in this case, New Jersey." The record contains a transmittal letter, FORM TL-1, to CRIB dated September 30, 2011, submitting by electronic FTP twenty records reflecting transactions for the period from September 22, 2011 through September 29, 2011. The transmittal letter does not reference M&S, but the parties agree that among the records submitted under cover of that letter on September

30, 2011, was a notice of cancellation to M&S mailed on the same date.  The transmittal letter provides:

> 9.  The person signatory hereto certifies on behalf of the (<u>Praetorian Insurance Company</u>) and its property casualty affiliates that all attached data furnished herewith are correct and in accordance with the company's records.  The undersigned, on behalf of the carriers, further certifies that like notice of election to terminate the stated contracts of insurance have been given to the employers in accordance with the requirements of N.J.S.A. 34:15-81.

The certification is signed by Ernest Rogers, Madison Consulting Group.

The summary judgment record also reflects a "New Jersey Approved Form for Filing Notice of Cancellation by Carrier," Form 116-B, which references M&S specifically, and states that notice of cancellation "was mailed Employer" on September 30, 2011.  That form contains a certification signed by the president of Praetorian on the same date, stating: "CERTIFICATION THE UNDERSIGNED INSURANCE CARRIER CERTIFIES THAT LIKE NOTICE OF ELECTION TO TERMINATE THE STATED CONTRACT OF INSURANCE HAS BEEN GIVEN THE EMPLOYER IN ACCORDANCE WITH REQUIREMENT OF N.J.S.A. 34:15-81."

The parties dispute, however, when that Form 116-B was filed with CRIB.  Praetorian asserts the form was mailed to CRIB on September 30, 2011.  Praetorian, however, presented no proof

of mailing on summary judgment. M&S asserts in accordance with a letter from the Director of CRIB produced in discovery, that Praetorian's Form 116-B was not filed with CRIB until March 23, 2012, well after both the purported date of cancellation and the January 2012 accident and resulting workers' compensation claim precipitating this suit.

Relying on the Supreme Court's opinion in Sroczynski, M&S argued the certification by an employee of Madison Consulting Group did not satisfy Praetorian's obligation for a certified statement under N.J.S.A. 34:15-81(b) because Madison's employee, Rogers, "plainly had no personal knowledge that the notice was sent to [M&S] and could not certify to that fact as required by the statute." Because N.J.S.A. 34:15-81(c) provides that no policy "shall be deemed to be cancelled . . . [u]ntil ten days have elapsed after the filing required by paragraph 'b' of this section," M&S contended the policy was not effectively cancelled on October 17, 2011.

M&S argued Praetorian's attempt "to 'cure' the defect" by "backdate[ing]" its hard copy filing of Form 116-B with CRIB, well after the accident was reported to Praetorian and after Praetorian appeared in the workers' compensation hearing to deny coverage supported a bad faith claim. Praetorian denied the

allegations, claiming its Form 116-B was mailed to CRIB on September 30, 2011.

The motion judge found "there were no genuine issues of material fact regarding [Praetorian's] compliance with the statutory requirements regarding the cancellation of the policy." The judge distinguished Sroczynski on the basis that the insurer in that case, NJM, "failed to provide any certification at all." The court rejected the Sroczynski Court's analysis that the purpose of the certification requirement "was to place personal responsibility on an employee of the insurer to assure that proper notice of cancellation was given and to require that employee to certify to that fact, recognizing the legal implications of a false certification," Sroczynski, 197 N.J. at 44, because "the statute does not explicitly . . . impose the requirement that an employee provide the certification, and . . . no other court decisions have imposed that certification [requirement]."

The motion judge found the certification attesting to notice of cancellation to the employer was made by Ernest Rogers, "on behalf of" Praetorian. The judge rejected M&S's reliance on the "CRIB Manual," which provides that cancellation notices submitted in other than hard copy Form 116-B, e.g., via electronic FTP, must be accompanied by the New Jersey

A-4860-15T1

Transmittal Letter and "contain the signature of the carrier in Item 9 [the certification]," because "[t]he manual does not explicitly state that an employee's signature is required."

The court concluded "[t]hat Mr. Rogers was not an employee [of] Praetorian does not constitute a violation of the statute. The purpose of the statute was effected, in that the state was put on notice of the cancellation and defendant had, in fact, received the like notice, as certified." Although acknowledging the parties' dispute over when Praetorian filed its Form 116-B, the court found it immaterial based on its conclusion that Mr. Rogers's certification "on behalf of" Praetorian on the transmittal letter, FORM TL-1 satisfied the carrier's obligations under N.J.S.A. 34:15-81(b).

We review summary judgment using the same R. 4:46-2 standard as the trial judge. RSI Bank v. Providence Mut. Fire Ins. Co., __ N.J. __ (Aug. 7, 2018) (slip op. at 13-14); Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 523 (1995). Our review of questions of law is de novo, without deference to any interpretive conclusions we believe mistaken. Nicholas v. Mynster, 213 N.J. 463, 478 (2013); Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995). As the Court has recently reminded, "[o]ur function is not 'to weigh the evidence and determine the truth of the matter but to determine

whether there is a genuine issue for trial.'" <u>Petro-Lubricant</u>

<u>Testing Labs., Inc. v. Adelman</u>, 233 N.J. 236, 256 (2018)

(quoting <u>Brill</u>, 142 N.J. at 540).

Applying that standard here leaves no doubt that summary judgment on Praetorian's compliance with the cancellation requirements of N.J.S.A. 34:15-81(b) was inappropriate on this record. The motion judge erred in rejecting the Court's statement in <u>Sroczynski</u> that "the purpose of [N.J.S.A. 34:15-81(b)] was to place personal responsibility on an employee of the insurer to assure that proper notice of cancellation was given and to require that employee to certify to that fact, recognizing the legal implications of a false certification," <u>Sroczynski</u>, 197 N.J. at 44, because "the statute does not explicitly . . . impose the requirement that an employee provide the certification, and . . . no other court decisions have imposed that certification [requirement]."

The rule on dicta of our Supreme Court is clear and not open to debate. <u>See</u> <u>State v. Dabas</u>, 215 N.J. 114, 136 (2013); <u>State v. Breitweiser</u>, 373 N.J. Super. 271, 282 (App. Div. 2004). Simply stated, "matters in the opinion of a higher court which are not decisive of the primary issue presented but which are germane to that issue . . . are not dicta, but binding decisions of the court." <u>State v. Rose</u>, 206 N.J. 141, 183 (2011) (quoting

5 Am. Jur. 2d Appellate Review § 564 (2007)). As the Court has explained:

> [A]ppellate courts are bound by the Supreme Court's considered dicta almost as firmly as by the Court's outright holdings, particularly when, as here, a dictum is of recent vintage and not enfeebled by any subsequent statement. If lower courts felt free to limit Supreme Court opinions precisely to the facts of each case, then our system of jurisprudence would be in shambles, with litigants, lawyers, and legislatures left to grope aimlessly for some semblance of reliable guidance.
>
> [Rose, 206 N.J. at 183 (quoting McCoy v. Mass. Inst. of Tech., 950 F.2d 13, 19 (1st Cir. 1991)).]

The Court's analysis of the purpose of the certification requirement in Sroczynski is binding and controls the outcome of this case. The motion judge's finding that "[t]he purpose of the statute was effected" by notice to CRIB of the cancellation without regard to the efficacy of the certified statement was expressly rejected by the Court in Sroczynski. See 197 N.J. at 43-44.

Accordingly, we reverse the entry of summary judgment to Praetorian on its compliance with the requirements of N.J.S.A. 34:15-81. We also vacate the judgment on the bad faith claim limited to the issue of whether Praetorian attempted to "cure" its failure to submit a properly certified statement to CRIB at

14

the time it purported to cancel M&S's policy by backdating the FORM 116-B tat CRIB claims was filed in March 2012, in the event the court determines Praetorian failed to file a properly certified statement when it purported to cancel the policy in 2011. We remand for further proceedings to resolve these two discrete issues.

We portend nothing as to the outcome by our comments. We also do not preclude Praetorian from attempting to prove, in addition to the fact that it filed its FORM 116-B on September 30, 2011, that Ernest Rogers had personal knowledge of the mailing of the cancellation notice to M&S and his company's relation to Praetorian was such that his certification on the FORM TL-1 "attesting to the truthfulness of the fact that proper notice was afforded" M&S substantially complied with the legislative purpose "to place personal responsibility on an employee of the insurer to assure that proper notice of cancellation was given and to require that employee to certify to that fact, recognizing the legal implications of a false certification." Sroczynski, 197 N.J. at 44.

We end by noting our dismay at having to again remand a matter first presented to us five years ago. The parties' apparent unwillingness to conduct the discovery necessary to resolve the obvious factual dispute underlying Praetorian's

filing of its certified statement with CRIB should not be permitted to continue on remand.

Affirmed in part, reversed in part and remanded for further proceedings as limited in this opinion.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4860-15T1